IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-785-BO

| | |
|---|---|
| CRYSTAL BOYD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
|     Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on October 31, 2013, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed for DIB and SSI on June 1, 2009, alleging disability since May 1, 2004. Her claims were denied initially and on reconsideration. An Administrative Law Judge (ALJ) then held a hearing and considered the claim de novo, finding that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff's residuals from a fractured pelvis and depression were severe impairments. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform light work with additional non-exertional limitations. At step four, the ALJ found that

2

plaintiff could perform her past relevant work, and went on to find at step five that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

Plaintiff contends a remand of this matter is appropriate as new and material evidence has come to light. A remand is warranted where there the claimant has demonstrated that there is new, material evidence and there is a good cause for failing to incorporate such evidence in the prior proceeding. *Wilkins v. Sec'y, Dep't of Health & Human Svs.* 953 F.2d 93, 96 n.3 (en banc); 28 U.S.C. § 405(g). Dr. King, plaintiff's treating primary care provider, completed an RFC evaluation after the decision of the ALJ but prior to the decision of the Appeals Council. Tr. 897-899. Dr. King's assessment was presented to the Appeals Council, but the Appeals Council found no reason to review the decision of the ALJ. Tr. 1.

Dr. King's RFC evaluation bears directly on plaintiff's ability to work on a regular and continuing basis. Dr. King limited plaintiff to lifting less than ten pounds, opined that plaintiff could stand and or walk for less than two hours in an eight-hour work day, and that plaintiff must periodically alternate sitting and standing to relieve pain or discomfort. Dr. King had treated plaintiff for approximately four years when he completed the evaluation. Tr. 372. Dr. King's opinion, as a long-term treating physician of plaintiff's, is certainly material. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (treating physician opinion must be given controlling weight if it is not inconsistent with substantial evidence in the record). There is good cause for plaintiff not submitting this evidence to the ALJ as it was not available when the ALJ made his decision.

As the Appeals Council has considered Dr. King's RFC evaluation, it is appropriately part

3

of the record before this Court and may be considered in making a determination as to whether the ALJ's decision is supported by substantial evidence. *Wilkins*, 953 F.2d at 96. However, because "other record evidence credited by the ALJ conflicts with the new evidence," *see e.g.* Tr. 517 (finding plaintiff could frequently lift twenty-five pounds and stand or walk six of eight hours in a day), remand for consideration of Dr. King's letter by the fact finder is appropriate. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED, defendant's motion for judgment on the pleadings [DE 24] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __15__ day of November, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4